# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KEVIN LEODONATAYE SAMPSON,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 7:25CV00351 |
| v. | )<br>) **OPINION** |
| | ) |
| **ELIZABETH SIMMONS, et al.,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Kevin Leodonataye Sampson, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that he has not received adequate medical care in prison. He originally paid the full filing fee but now seeks to proceed in forma pauperis to have the defendants served with process. Upon review under 28 U.S.C. § 1915(e)(2), I conclude that service is not appropriate because Sampson has failed to state a claim on which relief may be granted.

    I.    BACKGROUND.

Sampson initiated this civil action in May 2025 against the Commonwealth of Virginia. Sampson paid the $405 filing fee, and the court advised that he is responsible for serving the defendants. Before Sampson attempted to effectuate service, however, the court entered an Order directing Sampson to file an amended

complaint to correct certain deficiencies. Specifically, the court stated that "[t]he only defendant Sampson names is the Commonwealth of Virginia, which is not a person who can be sued in a § 1983 case," and thoroughly explained what information a proper complaint should include. Order 1, Dkt. No. 5.

Sampson timely submitted an Amended Complaint, but was once again advised that his Amended Complaint was insufficient to proceed. In his Amended Complaint, Sampson named Elizabeth Simmons, head nurse; Jenna Morgan, nurse; and Alleghany Regional Jail Medical Staff as defendants. Sampson's claims against the Alleghany Regional Jail Medical Staff were dismissed and, because Sampson failed to allege any personal involvement by defendants Simmons and Morgan, he was granted another opportunity to amend his pleading.

In his Second Amended Complaint, Sampson again names the same three defendants: Elizabeth Simmons, Jenna Morgan, and Alleghany Regional Jail Medical Staff. He claims that during his incarceration at Alleghany Regional Jail,[1] he injured his Achilles tendon, "rendering [his] foot useless and full of pain." Second Am. Compl. 5, Dkt. No. 32. Defendant Morgan and another official "gave [him a] wheelchair and ice pack." *Id.* He then asked defendant Simmons if he could go to a doctor and "a month later [he] was taken to the hospital, where [he] was denied MRI and medical services." *Id.* An unspecified time later, after he "pleaded

---

[1] Sampson has since been transferred to Roanoke City Jail.

-2-

with jail staff," he was taken to Carillion in Roanoke where a doctor diagnosed him with a ruptured Achilles tendon. *Id.* He claims that because of "the amount of time it took to get [him] to the hospital," he has "lifelong damage." *Id.*

## II.   DISCUSSION.

### A. Standard.

Under 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." To state a claim under §1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted). A viable complaint must "allege 'enough facts to state a claim to relief that is *plausible* on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pro se complaint must be "liberally construed," it may be dismissed "if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

### B. Eighth Amendment Deliberate Indifference.

Despite the prior Opinion and Order dismissing Sampson's Amended Complaint as to any claims against Allegany Regional Jail Medical Staff, Sampson again improperly names Alleghany Regional Jail Medical Staff as a defendant in his Second Amended Complaint. As I have explained, a group of individuals does not qualify as a person subject to suit under § 1983. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that, under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights.") (internal quotation marks and citation omitted). Therefore, I will summarily dismiss Sampson's claims against Alleghany Regional Jail Medical Staff under § 1915(e)(2)(B).

As to defendants Simmons and Morgan, it appears that Sampson is raising a claim that the two violated his rights under the Eighth Amendment by exhibiting deliberate indifference. "A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle*, 429 U.S. at 104). To prove deliberate indifference, a plaintiff must show that the defendant prison official had "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837–39 (1994)). This

component requires proof of intent beyond mere negligence or even civil recklessness. *Id.* (citing *Estelle*, 429 U.S. at 106).

Here, Sampson fails to plead that defendants Simmons or Morgan had requisite intent amounting to deliberate indifference. In fact, Sampson's pleading shows the opposite where he states that defendant Morgan gave him a wheelchair and an ice pack and that he went to the hospital a month after discussing the issue with defendant Simmons. To the extent that he argues the delay of treatment amounted to deliberate indifference, I disagree. It is true that "a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation." *Webb v. Hamidullah*, 281 F. App'x. 159, 166 (4th Cir. 2008) (unpublished) (citing *Estelle*, 429 U.S. at 104–05). However, courts have determined that delays as long as eight months do not necessarily constitute deliberate indifference. *See e.g.*, *Price v. Carey*, No. 91–6643, 1992 WL 34208, at *4 (4th Cir. Feb. 26, 1992). Therefore, the one-month delay attributed to action or inaction of defendant Simmons is insufficient, particularly where Sampson alleges no facts to demonstrate that the delay was intentional.[2] *See Estelle*, 429 U.S. at 104–05 (explaining how deliberate indifference may be demonstrated by "intentionally denying or delaying access to medical care . . . ."). Therefore, as

---

[2] To the extent that Sampson claims that the lapse of time between his first hospital visit and his visit to Carillion, he does not indicate a time frame, or which prison officials were personally involved in any alleged delay. Accordingly, his claim fails.

pleaded, Sampson's Second Amended Complaint does not allege sufficient facts to state a claim to relief that is plausible on its face, and it must be summarily dismissed.

III.   CONCLUSION.

For the foregoing reasons, Sampson's Second Amended Complaint, Dkt. No. 32, will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.  His motion to proceed in forma pauperis regarding service of process, Dkt. No. 33, will be denied as moot.

A separate Judgment will be entered herewith.

ENTER:   February 24, 2026

/s/  JAMES P. JONES
Senior United States District Judge